IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CELIA A. PEREZ,                               § | |
| § | |
| *Plaintiff*,                                       § | |
| § | |
| v.                                                    § | Civil Action No.  SA-13-CV-430-XR |
| § | |
| DEUTSCHE BANK NATIONAL TRUST § | |
| COMPANY, AS TRUSTEE FOR          § | |
| MORGAN STANLEY STRUCTURED  § | |
| TRUST I 2007-1 ASSET-BACKED      § | |
| CERTIFICATES, 2007-1,                    § | |
| § | |
| *Defendant*.                                    § | |

**ORDER**

On this day the Court considered Defendant's motion to dismiss for failure to state a claim (docket no. 3). For the following reasons, the Court finds that the motion should be GRANTED.

**I. Background**

**A. Factual Background[1]**

On February 6, 2007, Plaintiff Celia A. Perez obtained a loan secured by real property located at 118 El Monte Boulevard, San Antonio, Texas 78212 (the "Property"). In connection with the loan Plaintiff signed a promissory note (the "Note") and a security instrument (the "Deed of Trust") with First NLC Financial Services LLC ("First NLC"). The Deed of Trust lists First NLC as Lender and the Mortgage Electronic Registration Systems, Inc. ("MERS") as "beneficiary" acting "solely as a nominee for Lender and Lender's successors and assigns." The Deed of Trust provides that "MERS holds only legal title to the interests granted by Borrower in

---
[1] The factual allegations are taken from Plaintiff's state-court petition.

1

this Security Instrument" and that "MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including . . . the right to foreclose and sell the Property."

The Deed of Trust was recorded in the Official Public Records of Bexar County, Texas on February 9, 2007. On February 22, 2012, a document titled "Transfer of Lien" was filed in the Official Public Records of Bexar County. This document transfers all of MERS's "right, title, and interest" in the Deed of Trust to Defendant Deutsche Bank National Trust Company, as Trustee for Morgan Stanley Structured Trust I 2007-1 Asset Backed Certificates, 2007-1.

**B. Procedural Background**

Plaintiff, acting *pro se*, filed her Original Petition for Wrongful Foreclosure and Application for Temporary Restraining Order and Injunctive Relief in the 131st Judicial District Court of Bexar County, Texas on February 4, 2013. Her one enumerated cause of action is wrongful foreclosure. She states, "[t]he Defendants [sic] foreclosure action is wrongful. The Deed of Trust is not enforceable due to that lack of ownership in the note by the Defendants [sic]."[2]

Plaintiff draws upon various legal theories to deny foreclosure authority to Defendant. She asserts that First NLC, rather than MERS, was the only party authorized to assign the Note and Deed of Trust to Defendant; she asserts that assignment is only complete upon recording, and recording has not been effectuated; and she asserts that the Deed of Trust and the Transfer of Lien document were fraudulently created, and therefore ineffective as a security instrument and assignment, respectively. Additionally, Plaintiff asserts that the Note and Deed of Trust are not

---

[2] Plaintiff does not explain why Defendant sought foreclosure. Defendant alleges that Plaintiff was in default. Motion to Dismiss at 2.

enforceable because they have been split. Plaintiff requests declaratory and injunctive relief to enjoin a foreclosure sale. She also requests damages.

Defendant timely removed the action to this Court on May 22, 2013, based on diversity jurisdiction. Shortly thereafter, Defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant argues that Plaintiff has not stated a claim for wrongful foreclosure because she has not alleged that her home had been foreclosed. Defendant also urges the Court to consider and dismiss possible alternative theories of recovery, such as fraud and violation of Chapter 12 of the Texas Civil Practice and Remedies Code. Below, the Court addresses Plaintiff's sole claim of wrongful foreclosure, and rejects this claim and the broader legal theories she asserts; however, the Court grants Plaintiff leave to amend to allow her an opportunity to assert a valid claim.

## II. General Considerations

### A. Legal Standard for Deciding a Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While detailed factual allegations are not necessary, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Although the court must take all of the factual allegations in the complaint as true, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556

U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). The factual allegations in the complaint must be sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). However, a complaint can survive a motion to dismiss even if actual proof of the facts alleged is "improbable." *Twombly*, 550 U.S. at 556.

### B. Documents That May Be Considered

The Supreme Court has held that in deciding a motion to dismiss, a court may consider documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The court may also consider any documents attached to the complaint and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010); *see also Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010) (quoting *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (holding that while the court generally must not go outside the pleadings, "the court may consider documents attached to a motion to dismiss that 'are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'"). In attaching documents to a motion to dismiss that are referred to in the plaintiff's complaint and are central to her claim, "the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000). Whether the plaintiff has objected to the court's consideration of documents external to the complaint may be a factor that can be taken into account in determining whether to

consider the documents. *Scanlan*, 343 F.3d at 536 (citing *Collins*, 224 F.3d at 498-99) ("The fact that the plaintiffs did not object to, or appeal, the district court's consideration of [documents attached to a motion to dismiss] was central to [the Fifth Circuit's] approval of that practice."). The district court may also take judicial notice of matters of public record. *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011); *see also Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.").

In this case, Defendant attached several documents to its motion to dismiss, including a copy of the Deed of Trust and the assignment titled "Transfer of Lien." Both documents are central to Plaintiff's claims and are referenced throughout the original petition. Further, Plaintiff attached an incomplete copy of the Deed of Trust to her petition and included copied portions of the Transfer of Lien with the text of her petition. The Court also takes judicial notice of the Deed of Trust and the Transfer of Lien because they have been recorded and are therefore matters of public record.

### III. Discussion

**A. Claim for Wrongful Foreclosure**

"The elements of a wrongful foreclosure claim are: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.). "Therefore, to recover on a wrongful foreclosure claim, the property in question must have been sold at a foreclosure sale." *Bernard v. Bank of America, N.A.*, No. 04-12-00088-CV, 2013 WL 441749, at *3 (Tex. App.—San Antonio

Feb. 6, 2013, no pet.) (mem. op.); *Anderson v. Baxter, Schwartz & Shapiro, LLP*, No. 14-11-00021-CV, 2012 WL 50622, at *3 (Tex. App.—Houston [14th Dist.] Jan. 10, 2012, no pet.) (mem. op.); *see also Owens v. BAC Home Loans Servicing, L.P.*, No. H-11-2742, 2012 WL 1494231, at *3 (S.D. Tex. April 27, 2012) ("Texas law does not recognize a cause of action for attempted wrongful foreclosure."); *Biggers v. BAC Home Loans Servicing, LP*, 767 F. Supp. 2d 725, 730 (N.D. Tex. 2011) ("Because under Texas law an inadequate selling price is a necessary element of a wrongful foreclosure action, a foreclosure sale is a precondition to recovery.").

Here, Plaintiff has not alleged that a foreclosure sale occurred. Rather, Plaintiff alleges that "Defendants [sic] foreclosure action is wrongful" and seeks an injunction to prevent the sale. Accordingly, because a foreclosure sale has not occurred, Plaintiff cannot prevail on her cause of action for wrongful foreclosure.

## B. Allegations of Defects Are Insufficient to Establish a Claim

Further, Plaintiff's allegations of pre-foreclosure defects do not establish a claim even assuming a consummated foreclosure sale.[3]

### i. The Deed of Trust is Enforceable

Plaintiff asserts two reasons why the Deed of Trust is unenforceable. Both fail as a matter of law. First, Plaintiff asserts that her Deed of Trust is a "fraudulently created document."[4] Her claim, though not clearly explained, is that the Deed of Trust was notarized by a noncommissioned notary, and thus the Deed of Trust is void. This claim of "fraud" fails first because the notary was admittedly commissioned on February 6, 2007, when the Deed of Trust

---

[3] Here, an assumed sale is not merely a hypothetical, but is the likely reality. Defendant informs the Court that it sold Plaintiff's property at a foreclosure sale the day after Plaintiff filed her state-court petition. Motion to Dismiss at 2. Further, a search of the Bexar County Clerk's Office online database of land records uncovered an unofficial copy of a document titled "Foreclosure Sale Deed," purporting to sell the Property to Defendant through a foreclosure sale on February 5, 2013, which is one day after Plaintiff filed her state-court petition.

[4] Plaintiff does not assert this outright, but her discussion of the Deed of Trust falls under the heading "Fraudulently Created Documents." Petition at 5, 7.

was signed.[5] The notary's commission allegedly expired four months later on June 13, 2007. Plaintiff does not explain why the alleged expiration of the notary's commission months after the Deed of Trust was signed voids the Deed of Trust. Furthermore, in Texas, notarization is not required for a valid conveyance of a property interest; it is simply required for recording the conveyance to give notice to creditors and subsequent purchasers. *See* TEX. PROP. CODE §§ 12.001, 13.001; *Haile v. Holtzclaw*, 414 S.W.2d 916, 928 (Tex. 1967) ("[A]s between a grantor and a grantee deeds are valid even without a valid acknowledgement.").

Second, Plaintiff incorrectly asserts that the Deed of Trust is unenforceable because the Note and Deed of Trust have been bifurcated. She states, "at the time MERS claimed ownership to the security instrument, perfection of the lien had been lost due to bifurcation. . . . The bifurcation of the note and security instrument resulted in the original lenders [sic] security instrument being unenforceable and the power of sale clause contained within the nullified security instrument unenforceable [sic]." Petition at 4. Plaintiff does not explain how the bifurcation had occurred at the time MERS claimed ownership of the security interest. If she is simply challenging the use of MERS, that argument fails. *See e.g. Wallingsford v. Chase Bank, N.A.*, SA-12-CV-341-XR, 2013 WL 588755, at *4 (W.D. Tex. Feb. 12, 2013) ("Texas courts have held that provisions in a deed of trust providing for the use of MERS are enforceable to the extent of the terms set forth in the document.") (citing *Bierwirth v. BAC Home Loans Servicing, L.P.*, No. 03–11–00644–CV, 2012 WL 3793190, at *5 (Tex.App.—Austin Aug. 30, 2012, no pet.) (mem.op.); *Campbell v. Mortg. Elec. Registration Sys., Inc.*, 03–11–00429–CV, 2012 WL 1839357, at *5 (Tex.App.—Austin May 18, 2012, pet. denied) (mem.op.)). Furthermore, this Court, numerous Texas state courts, federal district courts, and the Fifth Circuit have explained

---

[5] Petition at 7 (incorporated Texas Secretary of State website search result showing notary's commission effective from June 13, 2003 to June 13, 2007).

that a security instrument split from a promissory note can be enforced. *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013) ("The 'split-the-note' theory is . . . inapplicable under Texas law where the foreclosing party is a mortgage servicer and the mortgage has been properly assigned."); *see e.g. Wallingsford*, 2013 WL 588755, at *4–5 (finding that the security instrument gave MERS the authority to foreclose on behalf of the lender and the lender's successors and that Chase received that same authority when MERS transferred the security instrument—but not necessarily the note—to Chase); *Svoboda v. Bank of Am., N.A.*, SA-12-CV-00484-DAE, 2013 WL 4017904 (W.D. Tex. Aug. 6, 2013) (explain why the argument that the foreclosing party must be the owner or holder of the Note—and not merely the beneficiary of the security instrument—is a "flawed legal theory, which has been roundly rejected by both federal and state courts in Texas"); *Bierwirth*, 2012 WL 3793190, at *5 (holding that a mortgagee, receiving MERS's right to foreclose on behalf of the lender, need not also hold the promissory note).

For these reasons, Plaintiff has not alleged facts invalidating the Deed of Trust.

**ii. Defendant Has Authority to Foreclose**

Next, Plaintiff argues that Defendant has no authority to foreclose because Defendant is not the holder of the Note and because Defendant was not validly assigned the Deed of Trust.[6] Both arguments fail.

> **a. Defendant Has Authority to Foreclose, Regardless of Whether it Owns or Holds the Note**

In Texas, a note and deed of trust represent distinct obligations. *Bierwirth*, 2012 WL 3793190, at *3; *Aguero v. Ramirez*, 70 S.W.3d 372, 374 (Tex. App.—Corpus Christi 2002, pet.

---

[6] Plaintiff asserts: "[First NLC] as the holder of the note was the only proper party with authority to assign the note . . . the security instrument then would have followed the note." Petition at 4.

denied) ("Where there is a debt secured by a note, which is, in turn, secured by a lien, the lien and the note constitute separate obligations."); *Stephens v. LPP Mortg.*, 316 S.W.3d 742, 747 (Tex. App.—Austin 2010, pet. denied) (finding that the promissory note and the lien that secures it are "separate legal obligations" that "may be litigated in separate lawsuits"); *Carter v. Gray*, 81 S.W.2d 647, 648 (Tex. 1935) ("It is so well settled as not to be controverted that the right to recover a personal judgment for a debt secured by a lien on land and the right to have a foreclosure of lien are severable, and a plaintiff may elect to seek a personal judgment without foreclosing the lien, and even without a waiver of the lien.").

"Furthermore, while a suit to recover a promissory note typically requires possession, foreclosures do not." *Reardean v. CitiMortgage, Inc.*, No. A–11–CA–420–SS, 2011 WL 3268307, at *4 (W.D.Tex. July 25, 2011). Chapter 51 of the Texas Property Code, which governs non-judicial foreclosures, authorizes a mortgagee or mortgage servicer acting on behalf of the mortgagee to sell property under a "power of sale conferred by a deed of trust." *See* TEX. PROP. CODE §§ 51.002, 51.0025. In this statutory scheme, a "mortgagee" includes not just the holder or owner of the note, but a host of other entities. A "mortgagee" may be, "(A) the grantee, beneficiary, owner, or holder of a security instrument; (B) a book entry system, or (C) if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record." *Id.* § 51.0001(4).[7]

Here, the Deed of Trust identified MERS as "the beneficiary under this Security Instrument" and as "nominee for Lender [First NLC] and Lender's successors and assigns." Deed of Trust at 1. MERS, as "beneficiary," is, therefore, a "mortgagee" as defined under

---

[7] A "book entry system" is defined as "a national book entry system for registering a beneficial interest in a security instrument that acts as a nominee for the grantee, beneficiary, owner, or holder of the security instrument and its successors and assigns." TEX. PROP. CODE § 51.0001(1).

Chapter 51 of the Texas Property Code, and is authorized to conduct a foreclosure sale, regardless of whether it owns or holds the note. TEX. PROP. CODE §§ 51.0001(4)(A), 51.002; *see Martins*, 722 F.3d at 255 (discussing the Texas non-judicial foreclosure regime and stating that "the mortgage servicer need not hold or own the note and yet would be authorized to administer a foreclosure.").[8] Moreover, the Deed of Trust itself expressly grants MERS "(as nominee for Lender and Lender's successors and assigns) . . . the right to foreclose and sell the Property." Deed of Trust at 3. With this contract right, MERS can foreclose without owning or holding the note, but on behalf of the Lender, defined in the contract as including "any holder of the Note who is entitled to receive payments under the Note." Deed of Trust at 1; *see Bierwirth*, 2012 WL 3793190, at *4 ("where, as here, a deed of trust expressly grants MERS the power of sale, then MERS has that power.") (citing *Athey v. Mortg. Elec. Registration Serv., L.P.*, 314 S.W.3d 161, 166 (Tex. App.—Eastland 2010, pet. denied).

Likewise, MERS can assign its right to foreclose to another party, which it has done through the Transfer of Lien to Defendant. *See Crowell v. Bexar Cnty.*, 351 S.W.3d 114, 118 (Tex. App.—San Antonio 2011, no pet.) (holding that absent a clause limiting assignment, the deed of trust was assignable where it expressly provided that all rights under the deed of trust inure to "the respective successors and assigns of Lender and Grantor")[9]; *Martins*, 722 F.3d at 255 ("[T]he mortgage was assigned to MERS, and then by MERS to BAC—the assignment

---

[8] MERS is also a "book entry system" through its distinction as "nominee" for First NLC and its successors and assigns, and is additionally authorized to conduct a foreclosure sale through its role as a book entry system. TEX. PROP. CODE §§ 51.0001(4)(B), 51.002; *see Hornbuckle v. Countrywide Home Loans, Inc.*, 02-09-00330-CV, 2011 WL 1901975 (Tex. App.—Fort Worth May 19, 2011, no pet.) ("A book entry system such as MERS is included within the definition of 'mortgagee' under Texas law.")

[9] Plaintiff's Deed of Trust does not limit assignment, but states instead: "The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successor and assigns of MERS. Deed of Trust at 3.

explicitly included the power to foreclose by the deed of trust.  MERS and BAC did not need to possess the note to foreclose.").

Here, the Transfer of Lien states that MERS assigns to Defendant "all of the right, title, and interest owned or held by [MERS] in and to the [Deed of Trust]." Transfer of Lien at 1. Under Texas law, therefore, Defendant assumed MERS's status as "beneficiary" to the Deed of Trust, and received its authority to foreclose on behalf of the Lender, First NLC, and Lender's successors and assigns.  Defendant does not need to be the owner or the holder of the Note to foreclose.[10]

### b. The Transfer of the Lien is Facially Valid

Next, Plaintiff challenges the Deed of Trust assignment to Defendant, claiming that the Transfer of Lien document is fraudulent because the filing date listed on the document does not match the filing date stamped on the document by the Bexar County Clerk's Office.[11]

Defendant challenges whether Plaintiff has standing to contest the assignment because she was not a party to the assignment between MERS and Defendant.  However, as this Court has recognized, "Texas law permits a debtor to challenge an assignment on a ground that renders the assignment void or invalid, but a debtor may not challenge an assignment on a ground that renders the assignment merely voidable." *Venegas v. U.S. Bank, Nat'l Ass'n*, No. SA:12-CV-

---

[10] Defendant asserts in its motion to dismiss that the Note was also transferred by MERS to Defendant. Motion to Dismiss at 3.  However, Plaintiff denies this fact, and the Transfer of Lien does not purport to transfer the Note. Accordingly, for the purpose of deciding Defendant's motion to dismiss, the Court accepts Plaintiff's assertion that the Note has not been assigned and remains with the original Lender, First NLC.  Though Defendant assumed MERS's authority to foreclose from the Deed of Trust, it still must act on behalf of the current holder or owner of the note. *See Wallingsford*, 2013 WL 588755, at *3 ("[W]hile production of the original note is not required, the mortgagee must still establish that it has authority to act on behalf of the current holder or owner of the note.").
[11] Specifically Plaintiff asserts, "The face of the document purported to be created on February 6, 2007 and filed February 9, 2007.  The second page receipt generated by the County Recording department contradicts the filing date on the face of the document and displays the actual date, document number and number of pages filed. . . . Document from the county . . . shows actual date filed of: 2/22/2012. . . .  Defendant attempts perfect [sic] the defective chain of title by unlawfully 'inserting' a fraudulent filing into the Official records and willfully and knowingly intends to close the time gap between actual recordings." Petition at 5–6.

1123-XR, 2013 WL 1948118, at *5 (W.D. Tex. May 9, 2013); *see also Green v. JPMorgan Chase Bank, N.A.*, 3:11-CV-1498-N, 2013 WL 1406012 (N.D. Tex. Apr. 8, 2013); *Glass v. Carpenter*, 330 S.W.2d 530, 537 (Tex. Civ. App.—San Antonio 1959, writ ref'd n.r.e.) ("The law is settled that the obligors of a claim may defend a suit brought thereon on any ground which renders the assignment void, but may not defend on any ground which renders the assignment voidable only, because the only interest or right which an obligor of a claim has in the instrument of assignment is to insure himself that he will not have to pay the same claim twice.")  To the extent that Plaintiff challenges the assignment as void, she has standing.

Here, however, Plaintiff does not explain why a document filed years after execution and with a stated filing date different than the stamped date would make that document fraudulent and void.  Further, Plaintiff is mistaken when she claims that the Transfer of Lien's stated filing date contradicts the date stamped by the Bexar County Clerk's Office.  The Transfer of Lien lists the dates February 6, 2007 and February 9, 2007 solely to identify the Deed of Trust that the document purports to transfer.[12]  The document then states that, "[t]his Assignment is made without recourse, representation or warranty.  DATED: FEBRUARY 02, 2012."  Transfer of Lien at 1.[13]  The Transfer of Lien was presumably filed soon thereafter on February 22, 2012, as the date stamp attests. Transfer of Lien at 2.

Plaintiff lastly asserts that "there has been no legal filing transferring lien rights." Plaintiff, however, does not explain why the February 22, 2012 filing is illegal or otherwise ineffective.  Furthermore, to the extent that Plaintiff asserts that the Transfer of Lien is not

---

[12] "Assignor does by these presents hereby grant, bargain, sell, assign, convey, transfer and set over unto the Assignee . . . all of the right, title, and interest owned or held by said Assignor in and to the following instrument . . . described as follows: . . . Document Date: February 6, 2007  Date Recorded: February 9, 2007." Transfer of Lien at 1.

[13] The Transfer of Lien was acknowledged on February 2, 2012. Transfer of Lien at 1.

effective until validly recorded, she is mistaken.[14] Plaintiff cites to Texas Local Government Code Section 192.007, which requires a party who wishes to "record, transfer, assign, or take another action relating to an instrument that is filed, registered, or recorded" to "file, register, or record another instrument relating to the action in the same manner as the original instrument was required to be file, registered, or recorded." TEX. LOC. GOV'T CODE § 192.007(a). The additional recording requirement of this statute seemingly contradicts text in the Property Code stating simply that an "unrecorded instrument is binding on a party to the instrument." TEX. PROP. CODE § 13.001(b); *compare Id.* § 13.001(a) ("A conveyance of real property or an interest in real property or a mortgage or deed of trust is void as to a creditor or to a subsequent purchaser for a valuable consideration without notice unless the instrument has been acknowledged, sworn to, or proved and filed for record as required by law."). However, these seemingly contradictory statues can be harmonized by reading the Local Government Code mandate as a mere administrative requirement, as this Court chooses to do. *See Green v. JPMorgan Chase Bank, N.A.*, 3:11-CV-1498-N, 2013 WL 1406012 (N.D. Tex. Apr. 8, 2013) (making an "*Erie* guess" that the Texas Supreme Court would find that the Local Government Code only mandates that "to the extent a party wishes to records an action related to a previously filed instrument, the person must file a new instrument rather than merely annotate the existing instrument").

     For these reasons, the Court finds that Plaintiff has not shown the Transfer of Lien to be ineffective to transfer the lien and right to foreclose to Defendant; therefore, Plaintiff has failed to state a claim upon which relief can be granted.

---

[14] Plaintiff's argument appears to be that the Transfer of Lien was recorded on February 22, 2012, but that this recording was not "valid" because the Transfer of Lien was a "fraudulent document." Petition at 5–8; *see* note 11 *supra*.

## IV. Conclusion

Defendant's motion to dismiss (docket no. 3) is GRANTED. Plaintiff is granted leave to amend her petition to add new causes of action consistent with this decision. Plaintiff must do so on or before November 25, 2013, or her petition will be dismissed with prejudice.

Accordingly, Plaintiff's cause of action for wrongful foreclosure is DISMISSED WITHOUT PREJUDICE.

It is so ORDERED.

SIGNED this 25st day of October, 2013.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE