IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CELIA A. PEREZ, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Action No.  SA-13-CV-430-XR |
| § | |
| DEUTSCHE BANK NATIONAL TRUST § | |
| COMPANY, AS TRUSTEE FOR § | |
| MORGAN STANLEY STRUCTURED § | |
| TRUST I 2007-1 ASSET-BACKED § | |
| CERTIFICATES, 2007-1, § | |
| § | |
| *Defendant*. § | |

## ORDER

On this day the Court considered Defendant's motion to dismiss for failure to state a claim (docket no. 10). For the following reasons, the Court GRANTS the motion.

### I. Background

On February 4, 2013, Plaintiff Celia A. Perez, acting *pro se*, filed a lawsuit in state court against Defendant Deutsche Bank National Trust Company, as trustee for Morgan Stanley Structured Trust I 2007-1 Asset-Backed Certificates, 2007-1. Pet., Docket No. 1-1, Ex. B-1. Defendant removed the action to this Court. Not. of Removal, Docket No. 1.[1] On May 28, 2013, Defendant moved to dismiss Plaintiff's claims. Mot. to Dismiss, Docket No. 3.  On October 25, 2013, the Court reviewed Plaintiff's state-court petition and determined that it did not state a

---

[1] This Court has diversity jurisdiction to consider the case. *See* 28 U.S.C. § 1332(a)(1) (granting federal courts jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States"). Plaintiff is a citizen of Texas. Pet. at 2. Defendant is a citizen of California and New York. Not. of Removal at 2–3.  The amount in controversy exceeds $75,000.  *See* Bexar County, Texas Central Tax Appraisal District, Property Search Result, Docket No. 1-1, Ex. C-1 (listing the Property's appraised value at $88,660); *see Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013) (explaining that for those cases in which a plaintiff seeks to preserve an ownership interest in property, the value of the property represents the amount in controversy).

viable claim for relief against Defendant. Order, Docket No. 5.  Accordingly, the Court granted Defendant's motion to dismiss and dismissed without prejudice Plaintiff's sole claim for wrongful foreclosure.  Plaintiff was instructed to amend her petition consistent with the Court's decision.  The Court stated that if Plaintiff failed to amend, the Court would dismiss Plaintiff's lawsuit with prejudice.

On November 25, 2013, Plaintiff filed an amended complaint. Am. Compl., Docket No. 8.  Plaintiff's amended complaint is almost entirely devoid of factual assertions; nevertheless, it contains arguments that reference the facts alleged in Plaintiff's state-court petition.  As explained below, even if these facts are incorporated into Plaintiff's amended complaint, Plaintiff fails to state a valid claim for relief.  Accordingly, the Court will consider Plaintiff's amended complaint as if it includes the allegations in Plaintiff's original petition.

Plaintiff's original petition alleges the following:

> On February 6, 2007, Plaintiff Celia A. Perez obtained a loan secured by real property located at 118 El Monte Boulevard, San Antonio, Texas 78212 (the "Property").  In connection with the loan Plaintiff signed a promissory note (the "Note") and a security instrument (the "Deed of Trust") with First NLC Financial Services LLC ("First NLC").  The Deed of Trust lists First NLC as Lender and the Mortgage Electronic Registration Systems, Inc. ("MERS") as "beneficiary" acting "solely as a nominee for Lender and Lender's successors and assigns."  The Deed of Trust provides that "MERS holds only legal title to the interests granted by Borrower in this Security Instrument" and that "MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including . . . the right to foreclose and sell the Property."
>
> The Deed of Trust was recorded in the Official Public Records of Bexar County, Texas on February 9, 2007.  On February 22, 2012, a document titled "Transfer of Lien" was filed in the Official Public Records of Bexar County.  This document transfers all of MERS's "right, title, and interest" in the Deed of Trust to Defendant Deutsche Bank National Trust Company, as Trustee for Morgan Stanley Structured Trust I 2007-1 Asset Backed Certificates, 2007-1.

Order at 1–2.  On February 5, 2013, Defendant sold the Property at a foreclosure sale.[2]

Plaintiff's amended complaint argues that the rules of agency prohibited Defendant from selling the Property.  Specifically, Plaintiff asserts that Defendant did not have authority to act on behalf of the current holder or owner of the Note.[3]  Based on this theory, Plaintiff asserts two causes of action: violations of the Fair Debt Collection Practices Act (FDCPA) and negligence. Defendant moved to dismiss Plaintiff's newly asserted claims. Mot. to Dismiss, Docket No. 10. Plaintiff did not respond.

## II. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While detailed factual allegations are not necessary, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Although the court must take all of the factual allegations in the complaint as true, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). The factual allegations in the complaint must be sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops

---

[2] The Court noted in its October 25, 2013 Order that it was unclear whether the Property had been sold because Plaintiff was seeking to enjoin Defendant from conducting a foreclosure sale. Order at 6.  Plaintiff's amended complaint clears up this issue by asserting that the Property was sold on February 5, 2013. Am. Compl. at 2.

[3] Plaintiff does not allege that she was current on her mortgage at the time of sale.  Her sole challenge is to Defendant's authority. *See* Am. Compl. at 10 ("Plaintiff is prepared to stipulate Defendant's [sic] non-suit [of] this instant action if Defendant simply provides proof of agency, standing and/or capacity claimed by Defendant.")

short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). However, a complaint can survive a motion to dismiss even if actual proof of the facts alleged is "improbable." *Twombly*, 550 U.S. at 556.

### III. Discussion

In its October 25, 2013 Order, the Court considered and rejected Plaintiff's challenges to Defendant's authority to foreclose. *See* Order at 5–13. The Court concluded that, pursuant to the Deed of Trust and Transfer of Lien, Defendant was a mortgagee under Texas law, with the authority to foreclose. *See* TEX. PROP. CODE §§ 51.0001(4)(A), 51.002; *see also Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013) (discussing the Texas non-judicial foreclosure regime and stating that "the mortgage servicer need not hold or own the note and yet would be authorized to administer a foreclosure.").

In her amended complaint, Plaintiff has not asserted any additional facts relevant to Defendant's authority to foreclose. Plaintiff simply asserts that Defendant must prove its authority to foreclose. While this Court has acknowledged that a mortgagee must act on behalf of the current holder or owner of the note, Plaintiff's assertion that Defendant lacked authority is purely speculative, and, thus, insufficient to state a claim. *See Twombly*, 550 U.S. at 555 (stating that the factual allegations in the complaint must be sufficient "to raise a right to relief above the speculative level"); *Wallingsford v. Chase Bank, N.A.*, SA-12-CV-341-XR, 2013 WL 588755, at *3 (W.D. Tex. Feb. 12, 2013) ("[W]hile production of the original note is not required, the mortgagee must still establish that it has authority to act on behalf of the current holder or owner of the note."). Moreover, the documents incorporated into Plaintiff's complaint establish Defendant's authority to act on behalf of the current holder or owner of the Note. The Deed of

Trust explicitly grants MERS—and therefore Defendant as successor to MERS through the Transfer of Lien—the authority to act on behalf of not only the original Note holder, but also its successors and assigns (i.e. any owner or holder of the Note). Deed of Trust at 2 ("MERS (as nominee for Lender [First NLC] and Lender's successors and assigns) has . . . the right to foreclose and sell the Property."). Thus, despite Plaintiff's assertions, Defendant was authorized to conduct a foreclosure sale of the Property on behalf of the current holder or owner of the Note. Since the claims in Plaintiff's amended complaint are wholly based on Defendant's lack of authority to foreclose, Plaintiff's claims fail.

### IV. Conclusion

For the foregoing reasons, Defendant's motion to dismiss (docket no. 10) is GRANTED. Accordingly, Plaintiff's claims are DISMISSED WITH PREJUDICE. The Clerk is directed to enter final judgment pursuant to Rule 58 and to close this case. Defendant is awarded costs of court and shall file a Bill of Costs pursuant to the Local Rules.

It is so ORDERED.

SIGNED this 4th day of February, 2014.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE